UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 16-cv-12465

v.                                      Honorable Thomas L. Ludington

SERGE M THURIN, DO,

        Defendant.

_____/

**ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT**

On June 30, 2016, Plaintiff United States of America filed a complaint against Defendant Thurin seeking payments on debt owed to Plaintiff. After being unable to serve Defendant through normal means, Plaintiff filed a motion for alternative service on September 23, 2016. ECF No. 3. In the motion, Plaintiff explained that a process server unsuccessfully attempted to personally serve Defendant on four separate occasions. Plaintiff asserted that Defendant's last known address is 1177 Brissette Beach Road, Kawkawlin, Michigan, and that Defendant appeared to be evading service.

On September 29, 2016, the Court granted Plaintiff's motion for alternate service. ECF No. 4. In that order, the Court authorized Plaintiff to serve Defendant through first class mail to his home address, certified mail with return receipt requested, and/or affixing the notice to the door of Defendant's residence. On September 30, 2016, Plaintiff filed a certificate of service asserting that service was accomplished via first class mail and certified mail. ECF No. 5. On October 17, 2016, Plaintiff filed another certificate of service which confirmed that Defendant had again been served via certified mail. ECF No. 6. On October 20, 2016, Plaintiff filed a third

certificate of service, this time explaining that a copy of the summons and complaint had been posted to Defendant's front door. ECF No. 7.

Defendant's answer to the complaint was due, at the latest, by November 3, 2016. He did not answer during that time. On November 16, 2016, Plaintiff requested entry of default. ECF No. 11. On November 18, 2016, the clerk's office entered default judgment. ECF Nos. 13, 14. On December 20, 2016, Defendant filed an answer to the complaint and a motion to set aside the entry of default judgment. ECF Nos. 16, 17.

In the motion to set aside, Defendant admits that he lives at 1177 Brissette Beach Road in Kawkawlin, Michigan. He argues simply that he is absent from his residence for "long periods of time" because of his job and that he did not "receive service of the Complaint in a timely manner." ECF No. 16 at 1. Federal Rule of Civil Procedure 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Pursuant to Rule 60(b),

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.*

- 3 -

In considering a motion to set aside a default judgment, courts must construe Rule 60(b) liberally, especially when the default resulted from an honest mistake. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Three factors are relevant to the analysis: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (citing *United Coin Meter Co.*, 705 F.2d at 844).

Defendant has not shown good cause to set aside the default judgment. In his motion, he admits that Plaintiff had the right address. Defendant does not argue that he did not receive service via certified mail or tacking. Even if Defendant is frequently absent from his home, that does not invalidate the service effectuated on him, much less provide good cause for setting aside the default judgment. Notably, Defendant does not argue that he did not receive the complaint and summons, merely that service was not "timely." Plaintiff effected service in multiple ways. This redundancy was meant to ensure that Defendant had notice of the complaint. Defendant does not furnish any reliable information to suggest that did not occur.

Accordingly, it is **ORDERED** that Defendant's motion to set aside the default judgment, ECF No. 16, is **DENIED.**

Dated: January 10, 2017  s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2017.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager